IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-03-148-D |
| ) | |
| TIMOTHY DEWAYNE KINCHION, SR., ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Before the Court is Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [Doc. No. 392], filed *pro se* on March 29, 2013. The Federal Public Defender was appointed to represent Defendant for purposes of the Motion, and has filed an Advisement [Doc. No. 395] to inform the Court of pertinent facts. These facts establish that the Court lacks authority to grant Defendant relief from his existing prison sentence.

Defendant stands convicted of two drug trafficking offenses in violation of 21 U.S.C. § 841(a)(1) and § 846, and a related firearm offense in violation of 18 U.S.C. § 924(c)(1)(A). Although convicted by a jury in October, 2003, and originally sentenced in September, 2004, Defendant was resentenced pursuant to an order of the court of appeals in August, 2008. *See United States v. Kinchion*, 271 F. App'x 799 (10th Cir. 2008). Accordingly, Defendant's current sentence of imprisonment to a term of 295 months (consisting of two concurrent 235-month terms and a consecutive 60-month term) was imposed using an advisory guideline range computed in accordance with Amendment 706 of the Sentencing Guidelines. *See United States v. Kinchion*, 337 F. App'x 743, 745 (10th Cir. 2009) (affirming sentence imposed following Amendment 706).

A sentence reduction under § 3582(c)(2) is not authorized if an amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). *See United States v. Hodge*, 721 F.3d 1279, 1280-81 (10th Cir. 2013); *United States v. McGee*, 615 F.3d 1287, 1293 (10th Cir. 2010); *United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008). To determine whether an amendment would lower the applicable guideline range, "the court shall determine the amended guideline range that would have been applicable to the defendant if the [retroactive] amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1). In this case, applying Amendment 750 to the calculations made in August, 2008, the base offense level remains the same, and the applicable guideline range would not change. Therefore, Defendant is not eligible for relief from his existing sentence under § 3582(c)(2).

IT IS THEREFORE ORDERED that Defendant's Motion to Reduce Sentence [Doc. No. 392] is DENIED.

IT IS SO ORDERED this 10th day of October, 2013.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE